UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY ALAN WOLFBAUER,

        Petitioner,

v.                                            CASE NO. 11-12071
                                              HONORABLE DENISE PAGE HOOD

BARACK OBAMA, *et al.,*

        Respondents.
_____/

### ORDER OF DISMISSAL

This matter is pending before the Court on Bradley Alan Wolfbauer's application for the writ of habeas corpus. Petitioner filed his pleading in the United States District Court for the District of Columbia. United States District Judge James E. Boasberg transferred the petition to this District because Petitioner was confined at the Oakland County Jail in Pontiac, Michigan at the time.

The habeas petition alleges that, on some unspecified date, a police officer stopped Petitioner for speeding and on the suspicion that Petitioner was driving while under the influence of liquor. The officer determined that Petitioner had a prior conviction for driving under the influence of liquor and that Petitioner's driver's license was suspended. Petitioner was later tried and convicted of felony charges in Oakland County Circuit Court. The bond that he posted was revoked, and the Oakland County Sheriff took custody of him. Petitioner claims that his attempts to reinstate bond pending a final judgment and appeals have been unsuccessful.

The issues listed in the habeas petition are: (1) whether the arresting police officer

had probable cause to conduct a traffic stop without a warrant, (2) whether the officer acted on his own, (3) whether the prosecuting attorney denied Petitioner his constitutional right to a grand jury, (4) whether the State of Michigan had jurisdiction to prosecute Petitioner, (5) whether the arresting officer violated Petitioner's right to travel, and (6) whether the arresting officer acted outside his jurisdiction.

A threshold question is whether Petitioner has exhausted state court remedies for his claims. The doctrine of exhaustion of state remedies requires a prisoner in state custody to give the state courts an opportunity to act on the prisoner's claims before raising the claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999). The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. at 845, 847, 119 S. Ct. at 1732-1733. This means that a habeas petitioner must fairly present his or her claims to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1977)). "It is the petitioner's burden to prove exhaustion." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford,* 339 U.S. 200, 218-19, 70 S. Ct. 587, 597-98, 94 L. Ed. 761 (1950)).

Petitioner has not alleged or shown that he raised his six habeas claims in the Michigan Court of Appeals and in the Michigan Supreme Court, and, when conducting an online search of state court decisions, the Court found no state court decisions in any

criminal matters involving Petitioner. The Court therefore concludes that Petitioner has not exhausted state remedies for the six issues pending before this Court.

Furthermore, a court notice sent to Petitioner on May 11, 2011, has been returned as undeliverable, and state court records maintained by the Michigan Department of Corrections on its official website indicate that Petitioner has absconded from probation. *See* www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=695273. For this additional reason, the habeas petition is subject to dismissal. *See* Local Rule 11.2 (E.D. Mich. July 1, 2009) (explaining that the failure to provide notification of a change of address may subject a party to sanctions, including dismissal) and Local Rule 41.2 (E.D. Mich. Mar. 2, 1998) (authorizing the Court to dismiss a case for failure to prosecute). For all these reasons, the habeas petition is **DISMISSED** without prejudice.

                                              s/Denise Page Hood
                                              United States District Judge

Dated: June 30, 2011

I hereby certify that a copy of the foregoing document was served upon Bradley Wolfbauer #695273, P.O. Box 436017, Pontiac, MI 48343; Douglas Wolfbauer, 17625 East 10 Mile Road, Roseville, MI 48066 and counsel of record on June 30, 2011, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry
                                              Case Manager