UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY ALAN WOLFBAUER,

        Petitioner,

v.                                  CASE NO. 11-12071
                                    HONORABLE DENISE PAGE HOOD

BARACK OBAMA, *et al.,*

        Respondents.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR REINSTATEMENT AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Bradley Alan Wolfbauer has moved for reinstatement of his application for the writ of habeas corpus. The Court summarily dismissed the habeas petition on June 30, 2011, because Petitioner had failed to demonstrate that he exhausted state remedies for his claims. *See* 28 U.S.C. § 2254(b)(1). As explained in the order of dismissal, the exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 847, 119 S. Ct. 1728, 1732-1733, 144 L.Ed. 2d 1 (1999). This means that Petitioner must fairly present his claims to the state court of appeals and to the state supreme court before raising his claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1977)).

An exhibit attached to Petitioner's pending motion and supporting brief indicates that, on June 3, 2011, an Oakland County Circuit Court jury found Petitioner of violating probation as to operating under the influence of liquor (OUIL), third offense, and driving while license suspended (DWLS), second or subsequent offense. Petitioner was sentenced to 300 days in jail, with 300 days of credit for time served, and ordered to report to the probation department.

Petitioner has not demonstrated that he appealed his conviction for violating probation to the Michigan Court of Appeals and to the Michigan Supreme Court. Nor does it appear that he invoked one complete round of the State's appellate review process for his underlying convictions of OUIL and DWLS. He has failed to carry his burden of proving that he exhausted state remedies for his habeas claims. Accordingly, the motion for reinstatement [docket number 7, filed July 11, 2011] is DENIED.

Reasonable jurists would not find it debatable whether Petitioner has stated a valid claim of the denial of a constitutional right and whether the Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000). The Court therefore declines to issue a certificate of appealability or leave to proceed *in forma pauperis* on appeal.

                                                s/Denise Page Hood
                                                United States District Judge

Dated: September 19, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 19, 2011, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager